<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINDA MIRANDA, | : | |
| Plaintiff, | : | Civil Action No. 10-2818 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the appeal by Plaintiff Linda Miranda of the final decision of the Commissioner of Social Security ("Commissioner") determining that Plaintiff is not eligible for Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision must be **VACATED** and **REMANDED** for further proceedings in accordance with this opinion.

In brief, Plaintiff argues on appeal that Administrative Law Judge James Andres (the "ALJ") erred in his decision of May 10, 2008 when he ruled that, at step two of the evaluation process, although Plaintiff had medically determinable impairments, none of these impairments was severe. Plaintiff contends that the ALJ erred by applying the incorrect legal standard.

Plaintiff is clearly correct. At step two, the ALJ found that: "claimant has these medically determinable impairments: musculoskeletal aches and pains, a depressive disorder, an anxiety

disorder, and a history of substance abuse currently in remission." (Tr. 18.) The ALJ

nonetheless concluded that "the evidence fails to establish any medically determinable severe

impairment that has had greater than a slight or minimal effect on the claimant's ability to

perform work activities, and thus, a severe impairment cannot be established." (Tr. 19.)

Plaintiff contends, correctly, that the ALJ's decision does not conform to Third Circuit

law. The Third Circuit set forth the legal standard for the step two analysis in McCrea v.

Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The Third Circuit held that a court

reviewing a step two finding of no disability should give close scrutiny to that decision. Id. at

357. This Court finds that the ALJ's determination does not withstand such scrutiny. The ALJ

did not apply the correct legal standard at step two of the sequential evaluation process, nor is his

decision supported by substantial evidence.

The decision of the ALJ does not conform to relevant Social Security Rulings and Third

Circuit authority regarding the limited function of step two in the sequential evaluation process.

SSRs "are binding on all components of the Social Security Administration." 20 C.F.R. §

402.35(b)(1). The Commissioner issued SSR 96-3p to provide guidance to disability

adjudicators in determining whether a medically determinable impairment is severe. Speaking

specifically about assessing the claimant's symptoms, SSR 96-3p provides:

> If the adjudicator finds that [the individual's] symptoms cause a limitation or
> restriction having more than a minimal effect on an individual's ability to do basic
> work activities, the adjudicator must find that the impairment(s) is severe and
> proceed to the next step in the process even if the objective medical evidence
> would not in itself establish that the impairment(s) is severe. In addition, if, after
> completing development and considering all of the evidence, the adjudicator is
> unable to determine clearly the effect of an impairment(s) on the individual's
> ability to do basic work activities, the adjudicator must continue to follow the

sequential evaluation process until a determination or decision about disability can be reached.

Furthermore, SSR 85-28 provides:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued. In such a circumstance, if the impairment does not meet or equal the severity level of the relevant medical listing, sequential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

The Third Circuit has interpreted such Rulings and their corresponding Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." Newell, 347 F.3d at 546; (citing Smolen v. Chater, 80 F.3d at 1290). The Newell court further emphasized:

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 SSR LEXIS 19 at *6-7. Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. See Bowen, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue. See Smolen v. Chater, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.[1]

Newell, 347 F.3d at 546; accord McCrea, 370 F.3d at 360 ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant."). In McCrea, the Third Circuit reaffirmed the severity

---

[1] SSR 85-28 states that "[g]reat care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued."

standard announced in <u>Newell</u> and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed with close scrutiny" and are "certain to raise a judicial eyebrow."[2] <u>McCrea</u>, 370 F.3d at 357 (citing SSR 85-28).

Here, this Court concludes that the evidence cited by the ALJ does not constitute substantial evidence to support his determination at step two. As described <u>supra</u>, the step two analysis entails two sub-steps. At the first sub-step, the ALJ determined that the claimant had the medically determinable impairments of musculoskeletal aches and pains, a depressive disorder, an anxiety disorder, and a history of substance abuse currently in remission. At the second sub-step, the ALJ concluded that these medically determinable impairments caused no more than minimal functional limitations and thus were not severe within the meaning of the regulations.

The ALJ's determination at the second sub-step is not supported by substantial evidence. The Commissioner's own psychiatric expert, Dr. Moore, performed a consultative examination and submitted a report, which concluded: "Results of the examination appear to be consistent with psychiatric problems, and this may significantly interfere with claimant's ability to function on a daily basis." (Tr. 304.) Furthermore, Plaintiff's treating psychiatrist submitted a report stating that Plaintiff was incapacitated to the extent that she could not work full-time. (Tr. 157.) As established above, Third Circuit law requires that any doubts as to whether the severity showing has been made should be resolved in favor of the applicant. The ALJ erred in his application of this standard. As both the Commissioner's own expert and Plaintiff's psychiatrist

---

[2] Although the Commissioner's determination to deny an applicant's request for benefits at step two of the sequential evaluation process should be reviewed with close scrutiny, the Court should not apply a more stringent standard of review in these cases. <u>McCrea</u>, 370 F.3d at 357. The Commissioner's denial at step two, like one made at any other step in the sequential analysis, is to be upheld if supported by substantial evidence on the record as a whole. <u>Id.</u>

found impairments that are more than minimal, any doubts the ALJ may have had as to severity at step two should have been resolved in favor of Plaintiff.

Having examined the ALJ's severity determination at the second sub-step of step two, in view of Third Circuit law specifying a *de minimis* severity standard, this Court does not find "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. For these reasons, this Court vacates the ALJ's decision and remands this case for further proceedings that are in accord with Newell and McCrea.

## CONCLUSION

For the reasons stated above, this Court vacates the Commissioner's decision and remands this case to the Commissioner for further proceedings in accordance with this opinion.

/s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: April 20, 2011

5